### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

---

Bonnie C. Ponte,

           Plaintiff.

v.

Nilfisk Inc. and Nilfisk Pressure Pro, LLC,

           Defendants.

Court File No. 3:25-CV-00504 (SVN)

**STIPULATION FOR
PROTECTIVE ORDER**

---

**IT IS STIPULATED**, by and between Plaintiff Bonnie C. Ponte ("Plaintiff"), and Defendants Nilfisk Inc. and Nilfisk Pressure Pro, LLC ("Defendants") (collectively, the "Parties"), by and through their respective counsel of record, that in order to facilitate the exchange of information and documents which may be subject to confidentiality limitations on disclosure due to federal laws, state laws, and privacy rights, the Parties stipulate as follows;

**WHEREAS,** Plaintiff has filed a Complaint [under the Connecticut Product Liability Act/for "general allegations" that Defendants understand and characterize as products liability and negligence claims] against Defendants;

**WHEREAS,** Defendants may subpoena documents from non-parties to this litigation that may require the identification of third parties' employees or information of Plaintiff as well as the production and disclosure of confidential or proprietary information, including but not limited to contracts with third parties;

**WHEREAS,** in response to discovery in this matter, Plaintiff, Defendants or third parties may produce documents, testimony or information they consider private, confidential, proprietary or competitively sensitive, including but not limited to protected or confidential design, patent, trademark, trade secrets, or similarly protected information and documents; and

**WHEREAS,** the Parties and third parties wish to ensure such information is used only for purposes of this litigation, kept confidential, not otherwise used or disseminated to the public, and destroyed at the end of this litigation.

**NOW, THEREFORE,** the Parties stipulate and request that the Court enter the following Protective Order:

1.      **Definitions.** In this Stipulation and Protective Order, the words set forth below shall have the following meanings:

a.      "Court" means any judge to which this Proceeding may be assigned, including Court staff participating in such proceedings.

b.      "Confidential Material" shall refer to Discovery Material considered to be Confidential which includes any information that a Producing Party, defined below, believes in good faith to be confidential or sensitive, including, but not limited to research, development, financial, technical, marketing, product planning, personal, and/or commercial information not readily available to the public.

c.      "Discovery Material" shall refer to documents, depositions, deposition exhibits, written discovery responses, production of documents, subpoenaed documents, and all other discovery obtained pursuant to the Pennsylvania Rules of Civil Procedure.

d.      "Documents" shall refer to (i) any "Writing," "Original," and "Duplicate" as those terms are defined by the Federal Rules of Evidence 1001(a), 1001(d), and 1001(e), which have been produced in discovery in this Proceeding by any person, and (ii) any copies, reproductions, or summaries of all or any part of the foregoing.

e.      "Highly Confidential Material" shall refer to Discovery Material considered to be Highly Confidential which includes, but is not limited to, information that a

Producing Party, defined below, believes in good faith to include highly sensitive information that (1) if disclosed to a competitor, would or may cause competitive harm or (2) if publicly disclosed, would or may cause harm to another person, including but not limited to (a) trade secrets as defined by federal law and/or applicable state law, (b) confidential or competitively sensitive research, development, financial, or commercial information, or (c) highly sensitive personal information (including but not limited to credit information, residential addresses, social security numbers, and healthcare records). This information includes confidential and proprietary information, and documents or things which concern, reflect, embody, or constitute the foregoing and may include, but shall not be limited to, writings in any form, correspondence, memoranda, notes, deposition transcripts and exhibits, plans, specifications, blueprints, drawings, test reports, test procedures, and test manuals.

f.    "<u>Proceeding</u>" means the above-captioned action *Bonnie C. Ponte v. Nilfisk Inc. and Nilkfisk Pressure Pro, LLC*, 25-CV-00504.

g.    "<u>Producing Party</u>" shall refer to the Parties and to third parties that provide Discovery Material.

h.    "<u>Receiving Party</u>" shall refer to the Parties and to third parties that receive Discovery Material.

2.    **Applicability of Order.** This Stipulation and Protective Order shall be applicable to and govern the handling of Discovery Material considered to be Confidential Material or Highly Confidential Material. A third party that produces or receives Confidential Material or Highly Confidential Material designation shall be bound by the terms of this Order as though he/she/it

were a Party.

3.     **NOTICE TO NON-PARTIES**. Any Party issuing a subpoena to a third party shall enclose a copy of this Stipulation and Protective Order with a request that, within ten (10) calendar days, the third party either request the protection of this Stipulation and **Protective** Order or notify the issuing Party that the third party does not need the protection of this Stipulation and Protective Order or wishes to seek different protection.

4.     **ATTORNEY-CLIENT    PRIVILEGE    AND    WORK    PRODUCT PROTECTIONS.** Disclosure (including production) of information that a Party or third party later claims should not have been disclosed because of a privilege, including, but not limited to, the attorney-client privilege, work product doctrine or any other privilege or **protection** ("Privileged Information"), shall not constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, attorney work product, or any other ground for withholding production as to which the PRODUCING PARTY would be entitled in the PROCEEDING or any other federal or state proceeding. This Stipulation and Protective Order is intended to provide the full protection afforded by applicable law.

Upon discovery by a PRODUCING PARTY (or upon receipt of notice from another Party) that he/she/it may have produced Privileged Information, the PRODUCING PARTY shall, within thirty (30) calendar days of becoming aware, request the return of such Privileged Information in writing by identifying the Privileged Information and stating the basis on which the Privileged Information should be withheld from production. After being notified, all other Parties must promptly return or destroy the Privileged Information and any copies he/she/it has; must not use or disclose the Privileged Information; and must take reasonable steps to retrieve the Privileged Information if he/she/it disclosed the Privileged Information before being notified.

If any Party in good faith disputes the privilege claim (an "Objecting Party"), that Objecting Party shall notify the PRODUCING PARTY of the dispute and the basis therefore in writing within thirty (30) calendar days of receipt of the request for the return of the Privileged Information. The Parties thereafter shall meet and confer in good faith regarding the disputed claim within ten (10) calendar days. In the event that the Parties do not resolve their dispute, either Party may bring a motion for a determination of whether a privilege or protection applies. The PRODUCING PARTY must preserve the information claimed to be privileged or otherwise protected until the dispute is resolved. Except as expressly set forth herein, nothing in this provision shall limit the bases on which an Objecting Party may challenge the assertion of any privilege or protection by a PRODUCING PARTY.

5. **DESIGNATING CONFIDENTIAL MATERIAL OR HIGHLY CONFIDENTIAL MATERIAL**. The designation of DISCOVERY MATERIAL as CONFIDENTIAL MATERIAL or HIGHLY CONFIDENTIAL MATERIAL for purposes of this Stipulation and Protective Order shall be made in the following manner, such that any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation should not obscure or interfere with the legibility of the designated information:

a. **Documents**. In the case of DOCUMENTS, designation shall be made by affixing the following legend (or equivalent thereof): "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" (as the case may be) to each page containing any CONFIDENTIAL MATERIAL or HIGHLY CONFIDENTIAL MATERIAL. Any notes, lists, memoranda, indices, compilations or any other analysis prepared from or based on an examination of CONFIDENTIAL MATERIAL or HIGHLY

CONFIDENTIAL MATERIAL shall be accorded the same confidentiality status as the underlying CONFIDENTIAL MATERIAL or HIGHLY CONFIDENTIAL MATERIAL from which they are made, shall be properly designated, and shall be subject to all of the terms of this Stipulation and Protective Order.

b.  **Testimony**. In the case of depositions or other pre-trial testimony, designation of the portion of the transcript (including exhibits) which contains CONFIDENTIAL MATERIAL or HIGHLY CONFIDENTIAL MATERIAL shall be made either:

i.  by a statement to such effect on the record during the proceeding in which the testimony is received, or

ii.  in circumstances where portions of the deposition testimony are designated for protection, the transcript pages containing CONFIDENTIAL MATERIAL or HIGHLY CONFIDENTIAL MATERIAL may be separately bound by the court reporter, who must affix to the top of each page the legend "CONFIDENTIAL MATERIAL" or "HIGHLY CONFIDENTIAL MATERIAL," as instructed by the PRODUCING PARTY.

c.  **Magnetic or Optical Media**. For any materials on magnetic or optical media (such as floppy diskette, CD or DVD), the medium container and the medium itself shall both be marked or labeled with the appropriate confidentiality designation, and the contents thereof shall be treated in accordance with this Stipulation and Protective Order. In the event a RECEIVING PARTY generates any "hard copy" transcription or printout from any such designated non-written materials, the person who generates such hard copy shall mark the hard copy with the appropriate designation and protect the information.

d. **Physical Exhibits**. The confidential status of a physical exhibit shall be indicated by placing a label on said physical exhibit with the appropriate confidentiality designation.

e. **Written Discovery**. In the case of information incorporated into answers to written discovery (i.e., interrogatories, requests for admission, requests for production), the appropriate confidentiality designation shall be placed in each answer or response that contains CONFIDENTIAL MATERIAL or HIGHLY CONFIDENTIAL MATERIAL (as the case may be).

6. **INADVERTENT MISDESIGNATION OR OMISSION OF DESIGNATION**. The inadvertent failure of a Party or third party to designate DISCOVERY MATERIAL as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or the **inadvertent** designation of an item with an incorrect designation of confidentiality shall not constitute a waiver of the appropriate designation. The inadvertent misdesignation or omission of designation may be remedied by prompt notice within twenty (20) calendar days of discovery of the inadvertent misdesignation or omission of designation, with the effect that such DISCOVERY MATERIAL will be subject to the protections of this Stipulation and Protective Order as though it had been properly designated at first instance. Such correction and written notice shall be accompanied by substitute copies of each item appropriately marked. Upon receipt of such notice, the RECEIVING PARTY shall promptly destroy all copies of the incorrectly designated DISCOVERY MATERIAL, including copies made by others who obtained such DISCOVERY MATERIAL directly or indirectly from the RECEIVING PARTY, and replace such incorrectly designated DISCOVERY MATERIAL with copies that have been marked with the appropriate confidentiality legend by the PRODUCING PARTY.

7.    **CHALLENGING DESIGNATION OF MATERIALS**. Any Party may, in good faith, challenge the designation of CONFIDENTIAL MATERIAL or HIGHLY CONFIDENTIAL MATERIAL in accordance with the following procedure:

a.    **Challenge**. The RECEIVING PARTY may challenge the propriety of a designation by providing to PRODUCING PARTY a writing which briefly: (i) identifies with reasonable particularity the documents and/or information which are the subject of the challenge; and (ii) describes the specific legal or factual grounds for the challenge. The RECEIVING PARTY must make de-designation requests in good faith.    Mass, indiscriminate, or routinized requests for de-designation are prohibited. A Party who fails to object to a PRODUCING PARTY's claim of confidentiality within one-hundred twenty (120) days of receiving DISCOVERY MATERIAL designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be estopped from later objecting to such confidentiality designation unless the Party can show good cause for the delay and that the PRODUCING PARTY has not thereby been prejudiced.

b.    **Meet and Confer**. Once a challenge is made, the PRODUCING PARTY will bear the burden of initiating and conducting a meet and confer; and, if necessary, PRODUCING PARTY will bear the burdens of proof and persuasion in moving for a Protective Order to uphold the challenged CONFIDENTIAL MATERIAL and/or HIGHLY CONFIDENTIAL MATERIAL designation(s). If the PRODUCING PARTY does not initiate a meet and confer within thirty (30) business days of a challenge, the designation of the document or documents at issue shall be deemed effectively withdrawn.

    c.    **Court Intervention**. If the Parties are unable to reach an agreement regarding the documents in dispute, the Parties will prepare and file a Joint Report for the COURT outlining each Parties' position. The COURT will hold a conference (either via telephone or in person) to assist the Parties in resolving the dispute.

    d.    **Status of Challenged Designation Pending Agreement and Judicial Determination**. Until the COURT rules on a Party's Motion for Protective Order brought pursuant to this Paragraph, all RECEIVING PARTIES shall continue to afford the DISCOVERY MATERIAL in question the level of protection to which it has been designated by the PRODUCING PARTY.

8.    **<u>PERSONS AUTHORIZED TO RECEIVE HIGHLY CONFIDENTIAL MATERIAL</u>**. HIGHLY CONFIDENTIAL MATERIAL or its contents shall not be, *inter alia*, disclosed, summarized, described, or otherwise communicated or made **<u>available</u>** in whole or in part to any person or entity, directly or indirectly, other than the following:

    a.    In-house and outside counsel of record in this PROCEEDING, as well as paralegals, technical, administrative and clerical employees working under the direct supervision of such counsel. Counsel of **record** shall be responsible to ensure that the supervised personnel comply with the terms of this Stipulation and Protective Order;

    b.    Subject to Paragraph 11 hereof, experts or independent consultants necessary to assist counsel of record in this PROCEEDING, provided such experts and consultants have signed the "Agreement Concerning Information Covered by Protective Order" (the "Undertaking") attached hereto as Exhibit A;

    c.    Any person indicated to be an author, addressee, or copy recipient of the HIGHLY

CONFIDENTIAL MATERIAL, or as to whom there has been testimony, whether at deposition or trial or by declaration or affidavit, that the person was the author or recipient of the HIGHLY CONFIDENTIAL MATERIAL;

d.    court reporters in this PROCEEDING (whether at depositions, hearings, or **any** other proceeding);

e.    the COURT, persons employed by the COURT who are necessary for the handling of the PROCEEDING, and court reporters transcribing **the** testimony or argument at a hearing, trial or deposition in this PROCEEDING or any appeal therefrom, provided that the documents are filed under seal and not filed as part of any public court filing;

f.    Graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits, provided such services have signed the Undertaking. A signature by an authorized representative of the company who confirms that he or she has appropriately **advised** the relevant employees of the confidentiality obligations in this Stipulation and Protective Order and taken reasonable steps to comply therewith shall be sufficient to bind all employees and the company;

g.    Commercial copy vendors retained by counsel for purposes of this Proceeding, provided such vendors have signed the Undertaking. A signature by an authorized representative of the company who **confirms** that he or she has appropriately advised the relevant employees of the confidentiality obligations in this order and taken reasonable steps to comply therewith shall be sufficient to bind all employees and the company;

h.     Witnesses in the PROCEEDING who agree on the record to maintain the confidentiality of relevant DOCUMENTS or information shown to them or who have signed the Undertaking; the failure of a witness in a PROCEEDING to agree to maintain confidentiality of relevant DOCUMENTS or information shown to them or to sign the Undertaking shall not prevent or inhibit a Party or its counsel from showing such DOCUMENTS or information to such witness provided the PROCEEDING (e.g., a deposition) and any HIGHLY CONFIDENTIAL MATERIAL utilized therein may be designated by any Party as HIGHLY CONFIDENTIAL MATERIAL under this Agreement;

   i.     Upon order of the COURT or upon stipulation of the PRODUCING PARTY, a person who has signed the Undertaking.

   ii.    The jury, or any other trier of fact.

9.     **PERSONS AUTHORIZED TO RECEIVE CONFIDENTIAL MATERIAL.** DISCOVERY MATERIAL designated "CONFIDENTIAL" may not be, *inter alia*, **disclosed**, summarized, described, characterized or otherwise communicated or made available in whole or in part except to the following persons:

a.     Those persons designated in Paragraph 8;

b.     Officers, directors or employees of the Parties or third parties who have a need to know such information for purposes of this Proceeding and who have signed the Undertaking;

c.     Plaintiffs and Defendants, provided they have signed the Undertaking and they and their counsel agree (1) that counsel will disclose to the Plaintiffs and Defendants only such CONFIDENTIAL MATERIAL as is necessary to litigate the case;

(2) that counsel will make any such disclosure in a manner that reasonably would be expected to protect and prevent disclosure of CONFIDENTIAL MATERIAL to any unauthorized party; and (3) that counsel will not allow any Plaintiff or Defendants to have or retain copies of CONFIDENTIAL MATERIAL or any notes, lists, memoranda, indices, compilations or any other analysis prepared from or based on an examination of CONFIDENTIAL MATERIAL;

d.      Any person indicated to be an author, addressee, or copy recipient of the CONFIDENTIAL MATERIAL, or as to whom there has been testimony, whether at deposition or trial or by declaration or affidavit, that the person was the author or recipient of the CONFIDENTIAL MATERIAL.

The Parties agree that nothing in Paragraphs 8 or 9 shall prevent, restrain, or inhibit a party, its counsel, or a witness for a party from utilizing, relying upon, testifying about, or presenting as evidence any CONFIDENTIAL MATERIAL or HIGHLY CONFIDENTIAL MATERIAL in court at any hearing, conference, or at trial.

10.     **ADDITIONAL PARTIES OR ATTORNEYS**. In the event additional parties join or intervene in this PROCEEDING, the newly joined party or parties shall not have access to CONFIDENTIAL MATERIAL or HIGHLY CONFIDENTIAL MATERIAL until counsel for such party or parties has executed and, at the request of any Party, filed with the Court its agreement to be fully bound by this Stipulation and Protective Order.

11.     **OUTSIDE EXPERTS AND CONSULTANTS**. Neither CONFIDENTIAL MATERIAL nor HIGHLY CONFIDENTIAL MATERIAL shall be disclosed to any outside experts or consultants who are either current employees of a direct competitor of any Defendants or who were employed by a direct competitor within the year previous to the date of entry of this

Stipulation and Protective Order. CONFIDENTIAL MATERIAL or HIGHLY CONFIDENTIAL MATERIAL may be provided to experts or consultants only for the purpose of aiding, assisting, or allowing such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel for a Party to this PROCEEDING.

12. **USE OF CONFIDENTIAL MATERIAL AND HIGHLY CONFIDENTIAL MATERIAL.**

a. **Depositions**. Counsel for the PRODUCING PARTY shall have the right to exclude from depositions any person who is not authorized by this Order to receive documents or information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Notwithstanding the foregoing, attorneys shall not be precluded from examining a witness concerning any DISCOVERY MATERIAL designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL"; provided however, that the section of the transcript be marked as "CONFIDENTIAL" where such inquiry is made and all exhibits to the transcript be marked accordingly.

b. **Motions / Court Proceedings**. In the event that DISCOVERY MATERIAL designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" is used in any pre-trial proceeding in this PROCEEDING (**including** but not limited to conferences, oral arguments or hearings), the DISCOVERY MATERIAL shall not lose its status as CONFIDENTIAL MATERIAL or HIGHLY CONFIDENTIAL MATERIAL through such use.

13. **SOLELY USED FOR THIS PROCEEDING**. DISCOVERY MATERIAL containing information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be used solely by the persons receiving them only for the purposes of preparing for, conducting,

participating in the conduct of, and/or prosecuting and/or defending the PROCEEDING (including any appeal and retrial), and not for any other action or **proceeding**, business or other purpose whatsoever. Unauthorized use of DISCOVERY MATERIAL designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" includes, but is not limited to, disclosure of such materials to the public or inclusion of such materials in pre- or post-termination publicity regarding the PROCEEDING or disclosure of such materials to any person who is not authorized by Paragraphs 8 and 9 to have access to such information.

14.    **PROTECTING CONFIDENTIAL MATERIAL AND HIGHLY CONFIDENTIAL MATERIAL.** Any person who receives any DISCOVERY MATERIAL designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall maintain such DISCOVERY MATERIAL in a secure and safe area and shall exercise due and proper care with respect to the storage, custody, use and/or dissemination of such Material. **Any** person who receives any CONFIDENTIAL MATERIAL or HIGHLY CONFIDENTIAL MATERIAL shall ensure that access is limited to the persons authorized under this Stipulation and Protective Order. No copies of any DISCOVERY MATERIAL designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be made except to the extent necessary for the PROCEEDING. If the duplicating process by which copies are made does not reproduce the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation appearing on the original, all copies shall be stamped as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as the case may be. DISCOVERY MATERIAL contained on magnetic or optical media which are printed out by the RECEIVING PARTY shall be labeled with the same designation as designated on the media itself. No persons other than those listed in Paragraphs 8 and 9 may make or cause to be made any copies of CONFIDENTIAL MATERIAL or HIGHLY CONFIDENTIAL MATERIAL.

15.    **IMPROPER DISCLOSURE OF CONFIDENTIAL MATERIAL AND HIGHLY CONFIDENTIAL MATERIAL**. If any CONFIDENTIAL MATERIAL or HIGHLY CONFIDENTIAL MATERIAL is disclosed to any person other than in a manner authorized by this Stipulation and Protective Order, the Party responsible for the disclosure or knowledgeable of such disclosure, upon discovery of the disclosure shall immediately inform the PRODUCING PARTY of all facts pertinent to the disclosure that, after due diligence and prompt investigation, are known to the Party responsible for the disclosure or knowledgeable of the disclosure (including without limitation the name, address and employer of the person to whom the disclosure was made), and shall immediately take all reasonable efforts to prevent further disclosure by each unauthorized person who received such material. In the event that any person, Party or third party should violate or threaten to violate the terms of this Stipulation and Protective Order, the aggrieved PRODUCING PARTY shall apply to the Court to obtain relief against any such person, Party or third party. The Parties and any other person who reviews or receives DISCOVERY MATERIAL subject to the terms of this Stipulation and Protective Order agree that this Court shall retain jurisdiction over it and them for the purpose of enforcing this Stipulation and Protective Order.

16.    **MODIFICATIONS**. Any Party to the PROCEEDING (or other person subject to the terms of this Stipulation and Protective Order) may ask the COURT, after appropriate notice to the other Parties to the PROCEEDING, to modify or grant relief from any provision of this Stipulation and Protective Order.  The request to modify this Stipulation and **Protective** Order includes the right to requested heightened or additional protection related to the production of certain categories of documents or information as necessary for the protection of either party.  This Stipulation and Protective Order shall remain in force and effect until modified, superseded, or

terminated by consent of the Parties or by order of the COURT made upon reasonable written notice.

17.    **NO ADMISSIONS**. Entering into, agreeing to, and/or complying with the terms of this Stipulation and Protective Order shall not:

a.    operate as an admission by any person that any information designated pursuant to this Stipulation and Protective Order is or is not a trade secret, proprietary, confidential or competitively sensitive business, commercial, financial or personal information; or

b.     be deemed a waiver of any applicable privilege or work product protection or affect the ability of a Party to seek relief for an inadvertent disclosure of DISCOVERY MATERIAL protected by privilege or work product protection or to affect any Party's right to use its own documents and its own CONFIDENTIAL MATERIAL and HIGHLY CONFIDENTIAL MATERIAL in its sole and complete discretion; or

c.    constitute a waiver of any Party's right to object to any discovery requests or admission of evidence on any grounds or affects any Party's right to seek an order compelling discovery with respect to any discovery request; or

d.    prejudice in any way the right of any Party (or any other person subject to the terms of this Stipulation and Protective Order):

i.    to seek a determination by the COURT of whether any particular DISCOVERY MATERIAL should be subject to protection as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under the terms of this Stipulation and Protective Order; or

ii.    to seek relief from the COURT on appropriate notice to all other Parties to the PROCEEDING from any provision(s) of this Stipulation and Protective Order, either generally or as to any particular form of DISCOVERY MATERIAL.

18.    **SUBPOENA RECEIVED FOR PROTECTED MATERIAL OR ORDER REQUIRING PRODUCTION IN OTHER PROCEEDINGS**. If any person subject to this Stipulation and Protective Order receives a subpoena, order, interrogatory, or document or civil investigative demand (collectively, a "Demand") issued in any other action, investigation, or proceeding demanding production of DISCOVERY MATERIAL that was produced or designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" the recipient of the Demand shall give written notice to the PRODUCING PARTY (unless the recipient be the PRODUCING PARTY) by electronic mail transmission, followed by either express mail or overnight delivery to counsel of record for the PRODUCING PARTY, within five (5) business days of receipt of such Demand, and shall furnish such counsel with a copy of the Demand. The recipient of such a Demand will advise the Demanding party of the existence of this Stipulation and Protective Order. The burden of opposing the enforcement of the Demand and obtaining an order from the Court directing that the Demand not be complied with shall fall upon the PRODUCING PARTY. The PRODUCING PARTY shall promptly serve any order directing that the Demand not be complied with by the RECEIVING PARTY.  Compliance by the RECEIVING PARTY with any Court order directing production pursuant to the Demand of any CONFIDENTIAL MATERIAL or HIGHLY CONFIDENTIAL MATERIAL shall not constitute a violation of this Order provided the RECEIVING PARTY has complied with the terms of this Paragraph.

19.    Nothing in this Stipulation and Protective Order shall be construed to preclude

either Party from asserting in good faith that certain CONFIDENTIAL MATERIAL or HIGHLY CONFIDENTIAL MATERIAL require additional protection. The Parties shall meet and confer to agree upon the terms of such additional protection.

20.     If, after execution of this Stipulation and Protective Order, any CONFIDENTIAL MATERIAL or HIGHLY CONFIDENTIAL MATERIAL submitted by a PRODUCING PARTY under the terms of this Stipulation and Protective Order is Disclosed by a RECEIVING PARTY to any person other than in the manner authorized by this Stipulation and Protective Order, the RECEIVING PARTY responsible for the Disclosure shall bring all pertinent facts relating to the Disclosure of such Confidential Materials to the immediate attention of the PROPOUNDING PARTY.

21.     This Stipulation and Protective Order is entered into without prejudice to the right of any Party to knowingly waive the applicability of this Stipulation and Protective Order to any CONFIDENTIAL MATERIAL or HIGHLY CONFIDENTIAL MATERIAL designated by that Party. If the PROPOUNDING PARTY uses CONFIDENTIAL MATERIAL or HIGHLY CONFIDENTIAL MATERIAL in a non-Confidential manner, then the PROPOUNDING PARTY shall advise that the designation no longer applies.

22.     **FILING OF CONFIDENTIAL MATERIAL OR HIGHLY CONFIDENTIAL MATERIAL WITH THE COURT.** If DISCOVERY MATERIAL designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" (or any references thereto) is filed in a Court paper subject to the Federal Rules of Civil Procedure and the Local Rules for the District of Connecticut, the filing Party shall comply with all applicable Pennsylvania Rules of Civil Procedure.  Unless and until an Order is entered regarding the filing of CONFIDENTIAL MATERIAL or HIGHLY CONFIDENTIAL MATERIAL under seal, CONFIDENTIAL

MATERIAL and HIGHLY CONFIDENTIAL MATERIAL shall be lodged separately and conditionally under seal as exhibits and will be returned to counsel upon completion for which the Material is submitted.

23.     An envelope containing DISCOVERY MATERIAL subject to this Protective Order to be submitted to the Court shall be endorsed with the title of the Proceeding, an indication of the nature of the contents of such sealed envelope, the identity of the Party filing the DISCOVERY MATERIAL, the phrase "CONFIDENTIAL MATERIAL" or "HIGHLY CONFIDENTIAL MATERIAL and a statement substantially in the following form:

> THIS ENVELOPE CONTAINS MATERIAL SUBJECT TO A PROTECTIVE
>
> ORDER ENTERED IN THIS PROCEEDING.  IT IS NOT TO BE OPENED
>
> NOR ARE ITS CONTENTS TO BE DISPLAYED, REVEALED, OR MADE
>
> PUBLIC, EXCEPT BY ORDER OF THE COURT.

24.     Additionally, within seven (7) business days from the date that the papers (or portions thereof) are filed under seal consistent with the above procedures, the Party who filed the papers under seal also shall file in the public record a version of the papers that has been redacted to omit the CONFIDENTIAL MATERIAL or HIGHLY CONFIDENTIAL MATERIAL (or any references thereto).

25.     **USE AT TRIAL**. The Parties shall meet and confer regarding the procedures for use of DISCOVERY MATERIAL designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" at trial and shall, if necessary, move the COURT for entry of an appropriate order.

26.     **ADMISSIBILITY**. Nothing in this Stipulation and Protective Order shall affect the admissibility into evidence of DISCOVERY MATERIAL designated as "CONFIDENTIAL"

or "HIGHLY CONFIDENTIAL" or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the COURT concerning the issue of the status of DISCOVERY MATERIAL designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

27.     **JURISDICTION**. This Stipulation and Protective Order shall continue to be binding after the conclusion of this PROCEEDING and all subsequent proceedings arising from this PROCEEDING, except that a Party may seek the written permission of the PRODUCING PARTY or may move the COURT for relief from the provisions of this Stipulation and Protective Order.  To the extent permitted by law, the COURT shall retain jurisdiction to enforce, modify, or reconsider this Stipulation and Protective Order, even after the PROCEEDING is terminated.

28.     **CONCLUSION OF PROCEEDING**. Unless otherwise ordered or agreed upon by the Parties, this Stipulation and Protective Order shall survive the termination of this PROCEEDING.  The COURT retains jurisdiction even after termination of this PROCEEDING to enforce this Stipulation and Protective Order and to make such amendments, modifications, deletions and additions to this Stipulation and Protective Order as the COURT may from time-to-time deem appropriate.  Within ninety (90) calendar days after receiving notice of the entry of an order, judgment, or decree or receiving notice of a settlement or other termination of the PROCEEDING, all persons that have received CONFIDENTIAL MATERIAL or HIGHLY CONFIDENTIAL MATERIAL shall either return the material to the PRODUCING PARTY or destroy it, providing notice in writing to the PRODUCING PARTY that such CONFIDENTIAL MATERIAL and/or HIGHLY CONFIDENTIAL MATERIAL has, in fact, been destroyed. Counsel for the RECEIVING PARTY shall make arrangements for the return of CONFIDENTIAL MATERIAL or HIGHLY CONFIDENTIAL MATERIAL provided to any persons or entities in

Paragraphs 8 and 9 except the COURT, COURT personnel and court reporters. Outside counsel of record for the Parties shall be entitled to retain COURT papers, depositions, trial transcripts and work product, provided that counsel shall not disclose CONFIDENTIAL MATERIAL or HIGHLY CONFIDENTIAL MATERIAL to any person except pursuant to a court order or agreement of the PRODUCING PARTY. All material returned to the Parties or their counsel by the COURT shall likewise be disposed of in accordance with this Paragraph.

29.    **COMPLIANCE PENDING APPROVAL AND ENTRY BY THE COURT**. The Parties and all signatories to the Undertaking attached hereto as Exhibit A agree to be bound by this Stipulation and Protective Order pending its approval and entry by the COURT. In the event that the COURT modifies this Stipulation and Protective Order, or in the event that the COURT enters a different Protective Order, the Parties agree to be bound by this Stipulation and Protective Order until such time as the COURT may enter such a different Order. It is the Parties" intent to be bound by the terms of this Stipulation and Protective Order pending its entry so as to allow for immediate production of CONFIDENTIAL MATERIAL and HIGHLY CONFIDENTIAL MATERIAL under the terms herein.

30.    **USE OF STIPULATION AND PROTECTIVE ORDER**. This Stipulation and Protective Order is for the sole purpose of facilitating discovery in the above-styled and numbered cause, and the DISCOVERY MATERIAL obtained under the protection of this Stipulation and Protective Order may be used only for this PROCEEDING. It is expressly ordered that this Stipulation and Protective Order will not, in any manner, be disclosed to the jury in the above-styled and numbered PROCEEDING. It is further ordered that this Stipulation and Protective Order will not be used in any manner or form (direct or indirect) as evidence in any trial or any hearing or be referred to in any trial or any hearing on the merits of this PROCEEDING, except in

a hearing that involves issues related to the enforcement of any provision of this Stipulation and Protective Order.  It is further ordered that this provision is absolutely and completely essential to this Stipulation and Protective Order and that this Paragraph is not severable from any remaining Paragraph or provision of this Stipulation and Protective Order.

31.    **USE OF HEADINGS**. The headings herein are provided only for the convenience of the Parties, and are not intended to define or limit the scope of the express terms of this Stipulation and Protective Order.

32.    **COUNTERPARTS**. This Stipulation and Protective Order may be executed in counterparts.

Respectfully submitted,

By: ___*s/Ryan K. Sullivan*___
RISCASSI AND DAVIS, P.C.
By: Ryan K. Sullivan, Esquire
Atty. I.D. #30904
131 Oak Street, P.O. Box 261557
Hartford, CT 06126-1557
(860) 522-1196
rsullivan@riscassidavis.com

*Attorneys for Plaintiff Bonnie C. Ponte*

By: ___*s/Christy M. Mennen*___
HALLORAN & SAGE LLP
By: Jennifer A. Pedevillano, Esquire
Atty. I.D. #28872
265 Church Street, Suite 802
New Haven, CT 06510
(203) 672-5432
pedevillano@halloransage.com
*and*

NILAN JOHNSON LEWIS PA
Christy M. Mennen, Esquire
*Pro Hac Vice*
250 Marquette Avenue South, Suite 800
Minneapolis, MN 55401
(612) 305-7500
cmennen@nilanjohnson.com

***Attorneys for Defendants Nilfisk Inc. and
Nilfisk Pressure Pro, LLC***

## <u>ORDER</u>

**GOOD CAUSE APPEARING**, the Court hereby approves this Stipulation and Protective Order. The Court reserves its inherent power to modify the terms of this agreement and permit the disclosure of information where the interest of justice so requires.

**IT IS SO ORDERED.**

**BY THE COURT:**

Dated: November 10, 2025

Sarala V. Nagala

Digitally signed by Sarala
V. Nagala
Date: 2025.11.10
11:45:54 -05'00'

SARALA V. NAGALA
UNITED STATES DISTRICT JUDGE

## EXHIBIT A

**AGREEMENT CONCERNING INFORMATION COVERED BY PROTECTIVE ORDER**

I hereby acknowledge that I, _____ [NAME],

_____ [POSITION AND EMPLOYER], am

about to receive information or documents designated confidential or highly confidential in

connection with *Bonnie C. Ponte v. Nilkfisk Inc. and Nilfisk Pressure Pro, LLC*, 25-CV-00504. I

certify that I understand that the information or documents are provided to me subject to the terms

and restrictions of the Stipulation and Protective Order filed in this Proceeding. I have been given

a copy of the Stipulation and Protective Order; I have read it, and I agree to be bound by its terms.

I understand that information or documents designated confidential or highly confidential,

including any notes or other records that may be made regarding any such materials, shall not be

disclosed to anyone except as expressly permitted by the Stipulation and Protective Order. I will

not copy or use, except solely for the purposes of this Proceeding, any information or documents

designated confidential and highly confidential obtained pursuant to this Protective Order, except

as provided therein or otherwise ordered by the Court in the Proceeding.

I further understand that I am to retain all copies of all information or documents designated

confidential and highly confidential provided to me in the Proceeding in a secure manner, and that

all copies are to remain in my personal custody until termination of my participation in this

Proceeding, whereupon the copies of such materials will be destroyed or returned to counsel who

provided me with such materials.

I further agree and attest to my understanding that my obligations to honor the

confidentiality of such information or documents will continue even after the termination of the

legal proceeding. I further agree and attest to my understanding that, in the event that I fail to abide

by the terms of the Stipulation and Protective Order, I may be subject to sanctions, including sanctions by way of contempt of court, imposed by the court for such a failure.  Further, I agree to subject myself to the jurisdiction of in the United States District Court in the District of Connecticut, Civil Division, in and for any contempt proceeding or other appropriate sanctions as the court may deem proper for a violation of the Court's Order.

I declare under penalty of perjury, under the laws of the State of [Connecticut], that the foregoing is true and correct.

Executed this _____ day of _____, 2025, at _____.

DATED:_____     BY: _____
                                           Signature

                                           _____
                                           Title

                                           _____
                                           Address

                                           _____
                                           City, State, Zip

                                           _____
                                           Telephone Number